**G.T. MANAGEMENT, INC. d/b/a Club 2551, Appellant,**

v.

**Michael GONZALEZ, Appellee.**

No. 05–02–01164–CV.

Court of Appeals of Texas, Dallas.

May 28, 2003.

Daniel C. Perez, Christian T. Souza, Dallas, for appellant.

Domingo A. Garcia, Law Offices of Garcia & Read, P.C., Dallas, for appellee.

Before Justices FRANCIS, FARRIS,[1] and ROSENBERG.[2]

---

1. The Honorable David F. Farris, Retired Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.

## OPINION

Opinion by Justice ROSENBERG (Assigned).

This case arose from injuries Michael Gonzalez sustained on the premises of G.T. Management, Inc. d/b/a Club 2551 (G.T. Management). After a trial to the court, judgment was rendered for Gonzalez. In five points of error, G.T. Management (1) challenges the legal and factual sufficiency of the evidence supporting liability; (2) contends the trial court improperly allowed a chiropractor to testify as to the reasonableness and necessity of hospital charges; and (3)argues it is entitled to remittitur. For the reasons below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

About 11:00 p.m. on October 11, 1998, Gonzalez went to Club 2551, a dance club in Dallas. According to Gonzalez, about 1:00 a.m., a Club 2551 bouncer grabbed Gonzalez and asked him whether he had thrown a bottle. When Gonzalez denied it, the man called more bouncers over. The bouncers grabbed Gonzalez from behind, pinning his arms. When Gonzalez told them that they "had the wrong guy," the bouncers began hitting Gonzalez in the face with their flashlights. Gonzalez fell against a wall and was thrown down the steps at the club entrance. Ray Vasquez, the club manager, testified that the bouncers grabbed Gonzalez's arms after Gonzalez swung at Vasquez and Gonzalez and a bouncer fell against a wall and then fell down. Vasquez denied that any bouncers hit Gonzalez with flashlights or threw him down the steps. It was undisputed that Gonzalez was injured as a result of this

2. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

incident. He was taken by ambulance to Parkland Hospital and received medical treatment.

Gonzalez sued the club owner, Luis Alberto Garza, individually, and G.T. Management. Gonzalez alleged negligence and gross negligence. He pleaded that he suffered damages for past and future physical pain and mental anguish. He requested damages for medical expenses and exemplary damages.

The case was submitted to the court, and a verdict was rendered for Gonzalez against G.T. Management. The court found no liability as to Garza.[3] The court awarded Gonzalez $30,000, costs, and pre- and postjudgment interest. G.T. Management's motion for new trial was overruled by operation of law. G.T. Management appeals the judgment.

## LIABILITY

In points of error one through three, G.T. Management challenges the legal and factual sufficiency of the evidence on liability pursuant to respondeat superior and other negligence theories. G.T. Management argues that, even if the theory of respondeat superior applies here, this theory will not support a finding of liability because Gonzalez did not plead it and the trial court indicated in its oral comments that it found liability only for negligent screening and hiring.

■ First, we liberally construe pleadings in favor of the pleader, particularly when, as here, the complaining party did not file special exceptions. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex.2000); *Favaloro v. Comm'n for Lawyer Discipline*, 13 S.W.3d 831, 837 (Tex.App.-Dallas 2000, no pet.). Pleadings shall give fair notice of the claim asserted to provide the opposing party

with enough information to enable him to prepare a defense. TEX. RS. CIV. P. 45(b), 47(a). A petition is sufficient if a cause of action may be reasonably inferred from the facts specifically stated. *Auld*, 34 S.W.3d at 897; *Favaloro*, 13 S.W.3d at 837–38. Gonzalez pleaded respondeat superior because his first amended petition alleged that he was injured by bouncers who were "agents, servants, and[/]or employees" of G.T. Management and who "were acting within the course and scope of their employment." Second, we do not consider any oral comments by the trial judge made at the conclusion of a bench trial as a substitute for findings of fact and conclusions of law. *In re W.E.R.*, 669 S.W.2d 716, 716 (Tex.1984) (per curiam). No findings of fact or conclusions of law were requested or filed. *See* TEX. RS. CIV. P. 296, 299a.

■ When findings of fact and conclusions of law are not properly requested and none are filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *In re W.E.R.*, 669 S.W.2d at 717. In the absence of findings and conclusions, the judgment of the trial court implies all necessary fact findings in support of the judgment. *Id.* When a reporter's record is brought forward, these implied findings may be challenged by factual sufficiency and legal sufficiency points the same as jury findings or a trial court's findings of fact. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989) (per curiam). In reviewing a no evidence claim, we must consider only the evidence and inferences tending to support the trial court's finding, disregarding all contrary evidence and inferences. *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex.1996). Anything more than a scintilla

---

3. Garza is not a party to this appeal.

of evidence is legally sufficient to support the finding. *Id.* In reviewing a factual insufficiency claim, we consider and weigh all the evidence, including any evidence contrary to the trial court's judgment. *Burnett v. Motyka,* 610 S.W.2d 735, 736 (Tex.1980) (per curiam). The factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Durand v. Moore,* 879 S.W.2d 196, 200 (Tex.App.-Houston [14th Dist.] 1994, no writ).

Because Gonzalez pleaded a respondeat superior theory, we consider whether the evidence supports the trial court's implied findings that G.T. Management was liable for Gonzalez's injuries under this theory. An employee's tortious conduct will be found to be within the scope of employment when the tortious conduct is of the same general nature as that authorized or incidental to the conduct authorized. *Id.* at 199. An employer will be held liable for the act of his employee, even if the act is contrary to express orders, if it is done within the general authority of the employee. *Id.* Thus, an employer may be vicariously liable for an intentional tort when the act, although not specifically authorized by the employer, is closely connected with the employee's authorized duties, that is, if the intentional tort is committed in the accomplishment of a duty entrusted to the employee, rather than because of personal animosity. *GTE Southwest, Inc. v. Bruce,* 998 S.W.2d 605, 617–18 (Tex.1999). When an employee commits an assault, it is for the trier of fact to determine whether the employee ceased to act as an employee and acted instead upon his own responsibility. *Durand,* 879 S.W.2d at 199.

G.T. Management does not dispute that it employed the bouncers, but it contends that it cannot be held vicariously liable for any assault because assault was contrary to its policies and was necessarily an expression of personal animosity. In *Durand, id.* at 198–200, an employer night club was found vicariously liable for the assault of a customer by a doorman who had authority to select customers for admittance. Evidence of "overzealous enforcement" of the club's policies supported the finding of vicarious liability. *Id.* at 200. However, in *Texas & Pacific Railway Co. v. Hagenloh,* 151 Tex. 191, 198, 247 S.W.2d 236, 240 (1952), relied on by G.T. Management, a railroad was held not vicariously liable for an assault of one employee by another employee whose duties did not include the use of force and who was not authorized to use force to perform those duties, even when the assault arose from a job-related investigation. Likewise, in *Wrenn v. G.A.T.X. Logistics, Inc.,* 73 S.W.3d 489, 495 (Tex.App.-Fort Worth 2002, pet. filed.), an employer was held not vicariously liable for an assault of one employee, a sweeper, by another employee who was authorized only to operate his forklift in loading and unloading vehicles and to assist, and at times direct, temporary employees in fulfilling their employment obligations. He was not authorized, however, to use physical force or verbal threats in performing his job functions. The employer prohibited such conduct.

Here, fights occurred at the club, sometimes three or four per night, and the bouncers' duties were to break up the fights and walk the parties out of the club. The bouncers were expected to signal for back-up with their flashlights when fights occurred. The bouncers used choke holds to control the patrons. The bouncers were hired based primarily on their size. Thus, the evidence shows that the bouncers were authorized to use force, and their assault of Gonzalez was incidental to their use of that force. Therefore, this case is similar to *Durand,* 879 S.W.2d at 199, and distin-

guishable from *Hagenloh,* 151 Tex. at 198, 247 S.W.2d at 240, and *Wrenn,* 73 S.W.3d at 495. Considering only the evidence supporting the trial court's implied finding that bouncers employed by G.T. Management committed an assault while acting as employees, we conclude that evidence is legally sufficient to support the finding. Further, considering all the evidence on this issue, we conclude the evidence is factually sufficient to support the finding. Because the trial court's judgment may be upheld on the respondeat superior theory of liability, we need not consider G.T. Management's arguments regarding the other negligence theories. *See* Tex.R.App. P. 47.1. Therefore, we overrule G.T. Management's points of error one through three.

## DAMAGES

■■■■■ In its fourth point of error, G.T. Management contends the trial court abused its discretion by allowing a chiropractor, Dr. Mark Rayshell, to testify as to the necessity and reasonableness of charges by Parkland Hospital. G.T. Management argues that Rayshell did not provide any treatment or demonstrate any expertise in the area of the treatment at Parkland for injuries to Gonzalez's face and head. At trial, G.T. Management objected to Rayshell's testimony regarding the amount of the hospital bill because the bill was not in evidence. G.T. Management also objected to Rayshell's testimony regarding the bills of other medical entities because he had not been properly designated. G.T. Management did not object to Rayshell's testimony on grounds that Rayshell had no expertise to give an opinion whether the hospital's treatment and charges were reasonable and necessary. An objection at trial not comporting with the complaint on appeal presents nothing for appellate review. *Scurlock Permian Corp. v. Brazos County,* 869 S.W.2d 478, 484 (Tex.App.-Houston [1st Dist.] 1993, writ denied); *see* Tex.R.App. P. 33.1(a). Because G.T. Management's complaint on appeal does not comport with its trial objection, G.T. Management has failed to preserve any error. We overrule G.T. Management's fourth point of error.

■■■■■ In its fifth point of error, G.T. Management argues that it is entitled to remittitur of $15,000 because there was no evidence of actual pecuniary loss beyond medical expenses, which, it contends, could not have exceeded $15,000. We may order remittitur after finding the evidence of damages factually insufficient. *Larson v. Cactus Util. Co.,* 730 S.W.2d 640, 641 (Tex. 1987); *see* Tex.R.App. P. 46.3. To attack successfully on appeal a multi-element damages award, an appellant must address all of the elements and show that the evidence is insufficient to support the entire damages award considering all the elements. *Price v. Short,* 931 S.W.2d 677, 688 (Tex.App.-Dallas 1996, no writ) (citing *Greater Houston Transp. Co. v. Zrubeck,* 850 S.W.2d 579, 589 (Tex.App.-Corpus Christi 1993, writ denied)). The failure to address an element of damages results in waiver of the sufficiency challenge. *Id.*

In addition to the medical expenses as actual damages, Gonzalez pleaded and provided evidence of past and future pain and suffering. G.T. Management does not argue that the evidence is insufficient to support an award for past and future pain and suffering. Because G.T. Management does not address all the elements and show the evidence is insufficient to support the entire award, considering all the elements, we overrule its fifth point of error. *See id.; see also Mo. Pac. R.R. Co. v. Roberson,* 25 S.W.3d 251, 258 (Tex.App.-Beaumont 2000, no pet.) (noting that it is "peculiarly" within province of factfinder

to determine dollar amount of plaintiff's pain and suffering).

## CONCLUSION

Having overruled G.T. Management's five points of error, we affirm the trial court's judgment.