COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-437-CV

  
IN 
THE MATTER OF A.M.

 
------------
 
FROM 
THE 323RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. Introduction
 
        Appellant, 
A.M., appeals the trial court’s order adjudicating him delinquent based on a 
home burglary and criminal mischief. In four points, A.M. contends that (1) the 
trial court erroneously admitted statements made by alleged accomplices to 
nonparty witnesses; (2) the accomplice testimony tying him to the burglary was 
not sufficiently corroborated; (3) the trial court erroneously admitted 
testimony by the burglary victim’s son concerning an unrelated alleged crime; 
and (4) the evidence was insufficient to adjudicate him when the erroneously 
admitted evidence is disregarded. We will affirm.
II. Factual 
Background
        The 
criminal mischief charges against A.M. arose from a December 16, 2001 BB gun 
shooting spree. A.M. and three accomplices fired BBs at a school and a BMW 
automobile, causing damage. On the night of the vandalism, A.M. and his 
accomplices bragged about their crime, and later A.M. separately told his 
friends A.W. and J.M. (the burglary victim’s son) about his various acts of 
vandalism.
        The 
burglary of a habitation charges against A.M. arose from events that took place 
on the afternoon of February 14, 2002. At that time, A.M. and several other 
juveniles burglarized the home of Mark Moncrief. Three of A.M.’s accomplices 
to the burglary testified against him at the adjudication hearing. Their 
testimony was corroborated by (1) testimony from a neighbor who was an 
eyewitness to the burglary, (2) the fact that some of the items stolen were 
found in A.M.’s house within hours of the burglary,[2]  
and (3) evidence that A.M. attempted to witness tamper.
III. 
Preservation of Error
        In 
his first and third points, A.M. complains that the trial court erred by 
admitting statements by alleged accomplices to nonparty witnesses and testimony 
from the burglary victim’s son about an unrelated alleged crime. The State 
asserts, however, that A.M. failed to preserve error concerning these points 
because his objections at trial do not comport with his arguments on appeal and 
because some of the evidence was admitted without objection. We agree.
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling, if they are not apparent from the context of the 
request, objection, or motion. Tex. R. App. P. 33.1(a). If a party fails 
to do this, error is not preserved, and the complaint is waived. See Bushell 
v. Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g). Furthermore, error, 
if any, in admitting evidence is harmless if the same evidence appears elsewhere 
in the record. See Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396 
(Tex. 1989).
        With 
regard to the testimony of one of his accomplices, D.G., A.M. appears to contend 
that the trial court erred by admitting a police report containing a statement 
D.G. allegedly made to police placing A.M. at the scene of the December 16, 2001 
BB shooting spree.[3]  But the police report was 
never offered or admitted into evidence. Moreover, when the prosecutor attempted 
to read D.G.’s statement from the report in order to have D.G. confirm its 
truth, A.M. objected on the basis of improper impeachment. The trial court 
overruled the objection, and D.G. answered that he did not think the statement 
in the police report was true. Thus, A.M.’s appellate complaints concerning 
the police report do not comport with his trial objections. See G.T. Mgmt., 
Inc. v. Gonzalez, 106 S.W.3d 880, 885 (Tex. App.—Dallas 2003, no pet.); In 
re D.T.C., 30 S.W.3d 43, 46-47 (Tex. App.—Houston [14th Dist.] 
2000, no pet.). Consequently, we may not address this complaint because it was 
waived. See D.T.C., 30 S.W.3d at 47. Moreover, in light of D.G.’s 
response that the statement in the police report was not true and because 
similar testimony came in without objection elsewhere in the record, any error 
surrounding the use of this report was harmless. See Gee, 765 S.W.2d at 
396.
        With 
regard to accomplice A.L.’s testimony, A.M. contends that, in order to 
conclude that A.M. was involved in shooting BBs at the BMW, the trial court 
necessarily and improperly considered a hearsay statement made by A.L. and read 
by the State. Specifically, A.M. contends that A.L.’s statement does not fall 
within any hearsay exception because she could not “say who made what 
statements or who ratified the statements made or even who was at the window on 
the night of December 16, 2001.” A.M.’s hearsay objection at trial, however, 
was not timely.
        A.M. 
initially objected to the admission of A.L.’s prior statement based on lack of 
a proper foundation, the statement’s references to extraneous offenses, and 
the voluntariness of the statement. These objections were initially sustained 
until the State asked additional questions and argued for admission of the 
document as a recorded recollection. When the State offered the document into 
evidence a second time, A.M. objected that the document still contained 
extraneous offenses, that the State had to establish that A.L. had insufficient 
recollection, that the State would have to show when the document was written, 
and that the court had to determine the trustworthiness of the document. 
Following a voir dire examination by A.M., the parties agreed on the portion of 
A.L.’s statement that should be read into the record. Only after 
cross-examination ended and the trial court asked whether A.L. could be excused 
did A.M. assert a hearsay objection. A.M.’s untimely hearsay objection did not 
preserve A.M.’s hearsay complaint. See Celotex Corp. v. Tate, 797 
S.W.2d 197, 201 (Tex. App.—Corpus Christi 1990, writ dism’d by agr.) 
(stating party must object at time evidence is offered to preserve complaint on 
appeal).
        Also 
in connection with his first and third points, A.M. complains that the testimony 
of the burglary victim’s son, J.M., was not trustworthy.[4]  
A.M.’s arguments that J.M.’s testimony did not meet the Rischer 
trustworthy requirement for a codefendant are not persuasive considering that 
J.M. was not an accomplice but instead was a victim of the February 14, 2002 
offense committed by A.M.  See Rischer v. State, 85 S.W.3d 839, 
841-42 (Tex. App.—Waco 2002, no pet.).  Moreover, A.M. fails to point us 
to any trial objection to J.M.’s testimony that comports with this argument on 
appeal, and we have been unable to locate any such objection or adverse ruling 
in the record.  Therefore, no error was preserved for our review. See 
G.T. Mgmt., Inc., 106 S.W.3d at 885 (holding objection at trial not 
comporting with complaint on appeal presents nothing for appellate review).
        After 
reviewing each of A.M.’s complaints with regard to these individuals who 
testified at trial, we hold that no error has been preserved for our review. We 
overrule A.M.’s first and third points.
IV. Sufficiency 
of Corroborating Evidence
        In 
his second and fourth points, A.M. appears to contend that there was 
insufficient corroborating evidence tending to connect him to both the BB 
shooting spree and the burglary of a habitation in violation of Texas Code of 
Criminal Procedure article 38.14. Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 1979). 
Specifically, A.M. argues that a neighbor of the burglary victim could not pick 
A.M. out of a photo spread or identify him at the revocation hearing and that 
J.R., an accomplice and friend of A.M., had the opportunity to place the 
Playstation in the armoire at A.M.’s house. The State responds that article 
38.14 is inapplicable to a juvenile proceeding and that there was sufficient 
corroboration to satisfy subsection 54.03(e) of the Family Code. Id.; Tex. Fam. Code Ann. § 54.03(e) (Vernon Supp. 2004).
        The 
Family Code states that “[e]xcept as otherwise provided,” the rules of 
evidence and Chapter 38 of the Code of Criminal Procedure are generally 
applicable to juvenile cases. Tex. Fam. Code Ann. § 51.17(c). Due to the enactment of 
Family Code section 54.03(e),[5]  triggering the 
“[e]xcept as otherwise provided” clause, section 38.14 of the Code of 
Criminal Procedure is no longer applicable to juvenile proceedings. Id. 
§ 54.03(e).  However, because the accomplice witness language in section 
54.03(e) is identical in substance to article 38.14 of the Code of Criminal 
Procedure, it is proper to look to the decisions of the Court of Criminal 
Appeals under article 38.14 as guidelines for the interpretation of section 
54.03(e). In re C.M.G., 905 S.W.2d 56, 58 (Tex. App.—Austin 1995, no 
writ).
        Under 
the accomplice-witness rule, it is not necessary for the nonaccomplice evidence 
to be sufficient in itself to establish the accused’s guilt beyond a 
reasonable doubt. Gill v. State, 873 S.W.2d 45, 48 (Tex. Crim. App. 
1994). Nor is it required that the nonaccomplice evidence directly link the 
accused to the crime. Id.; Reed v. State, 744 S.W.2d 112, 126 
(Tex. Crim. App. 1988). “All that is required is that there be some 
non-accomplice evidence which tends to connect the accused to the 
commission of the offense alleged in the indictment.” Gill, 873 S.W.2d 
at 48. The phrase “tends to connect” has the ordinary dictionary definition, 
“to serve, contribute or conduce in some degree or way . . . to have a more or 
less direct bearing or effect.” Holladay v. State, 709 S.W.2d 194, 198 
(Tex. Crim. App. 1986). The tends-to-connect standard does not present a high 
threshold. C.M.G., 905 S.W.2d at 58. There is no precise rule as to the 
amount of evidence that is required to corroborate the testimony of an 
accomplice; each case must be judged on its own facts. Gill, 873 S.W.2d 
at 48.
        If 
we eliminate the accomplices’ testimony, we are still left with the 
neighbor’s testimony that he saw A.M. at the victim’s house with three other 
juveniles. The neighbor identified A.M. in court and further testified that he 
saw A.M. carrying “a component of some kind” and that A.M. “was trying to 
conceal it somewhat under his shirt.” The neighbor’s in-court identification 
of A.M. provided sufficient corroboration, even though he was previously unable 
to identify A.M. at other times, because it tended to connect A.M. to the 
offense. See C.M.G., 905 S.W.2d at 59 (stating even if identification 
were not positive, it need not be positive to provide sufficient corroboration). 
Additionally, the recovery of the stolen Playstation, which was found at 
A.M.’s house within two or three hours of the burglary, tends to connect A.M. 
to the crime. See Herron v. State, 86 S.W.3d 621, 633 (Tex. Crim. App. 
2002) (holding possession of stolen property tends to connect appellant to 
crime). Furthermore, evidence that A.M. essentially asked the burglary 
victim’s son, J.M., to not appear as a witness at trial, while not sufficient 
by itself to establish guilt, tends to connect A.M. to the crime by showing 
consciousness of guilt. See Cathey v. State, 992 S.W.2d 460, 462 (Tex. 
Crim. App. 1999) (stating corroborating evidence need not be sufficient by 
itself to establish guilt), cert. denied, 528 U.S. 1082 (2000).
        We 
hold that the accomplices’ testimony was sufficiently corroborated with 
nonaccomplice evidence that met the tends-to-connect standard. See C.M.G., 
905 S.W.2d at 59 (holding nonaccomplice testimony sufficiently corroborated 
accomplice’s testimony that C.M.G. committed the offense). We overrule 
A.M.’s second and fourth points.
V. Conclusion
        Having 
overruled each of A.M.’s four points, we affirm the trial court’s judgment.
 
                                                          SUE 
WALKER
                                                          JUSTICE

PANEL 
A:   CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DELIVERED: 
February 19, 2004


 
NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
A Playstation stolen from the Moncrief home was found in an armoire at A.M.’s 
house.
3. 
A.M.’s exact arguments are unclear, partially because the record references in 
his brief do not point us to specific pages, but only to groups of ten or more 
pages.
4. 
A.M.’s arguments appear to implicitly contend that J.M. was biased. However, 
the alleged error in admitting this testimony, whether couched in terms of 
trustworthiness or bias, was not preserved with a specific, timely objection. See 
Martinez v. State, 98 S.W.3d 189,193 (Tex. Crim. App. 2003).
5. 
Section 54.03(e) of the Family Code requires corroboration of accomplice 
testimony in juvenile delinquency proceedings:
An 
adjudication of delinquent conduct or conduct indicating a need for supervision 
cannot be had upon the testimony of an accomplice unless corroborated by other 
evidence tending to connect the child with the alleged delinquent conduct or 
conduct indicating a need for supervision; and the corroboration is not 
sufficient if it merely shows the commission of the alleged conduct.
Tex. Fam. Code Ann. § 54.03(e).