**In the Interest of W.E.R.**

No. C–2773.

Supreme Court of Texas.

May 9, 1984.

Rehearing Denied June 13, 1984.

Jim Mattox, Atty. Gen., Roland, Scott Lyford, Asst. Atty. Gen., Austin, for petitioner.

Amado Abascal III, Jerald Abrams, Eagle Pass, for respondent.

PER CURIAM.

In this cause of action the trial court denied a requested adoption. No findings of fact or conclusions of law were requested and none were filed. The court of appeals held, with one justice dissenting, that comments made by the trial judge at the conclusion of the adoption hearing amounted to a finding that the adoption was denied for the sole reason that the petitioner was a single man. Accordingly, the court of appeals reversed the trial court judgment and remanded the case for a new trial. 663 S.W.2d 887. Pursuant to Rule 483, Tex.R.Civ.P., we grant the writ of error and, without hearing oral argument, reverse the judgment of the court of appeals and affirm the judgment of the trial court.

The court of appeals was not entitled to look to any comments that the judge may have made at the conclusion of a bench trial as being a substitute for findings of fact and conclusions of law. Tex.R. Civ.P. 296; *Kinney v. Shugart*, 234 S.W.2d 451 (Tex.Civ.App.—Eastland 1950, writ ref'd). The granting or denial of an adoption is based on a determination of the best interest of the child. Tex.Fam.Code Ann. § 16.08 (Vernon Supp.1984). The decision as to whether or not to grant an adoption is within the discretion of the trial court, which may not be set aside except for abuse. Moreover, a court of appeals is not entitled to substitute its judgment for that

of the trial court. *Rubey v. Kuehn,* 440 S.W.2d 95 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd).

Where findings of fact and conclusions of law are not properly requested and none are filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Lassiter v. Bliss,* 559 S.W.2d 353 (Tex.1977). As there was no complaint of abuse by the trial court outside of a matter which the court of appeals was not authorized to consider, it was error for that court to reverse the judgment of the trial court. The judgment of the court of appeals conflicts with many decisions of this court which hold that in the absence of findings and conclusions, the judgment of the trial court implies all necessary fact findings in support of the judgment. *Buchanan v. Byrd,* 519 S.W.2d 841 (Tex. 1975); *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (1950).

The judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.