Schulze v. Schulze 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00512-CV







Melvin M. Schulze, Jr., Appellant



v.



Delinda Y. Schulze, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 92-10793, HONORABLE SUE LYKES, JUDGE PRESIDING







PER CURIAM


 On appellee Delinda Schulze's motion, the trial court modified appellant Melvin Schulze,
Jr.'s, obligation to pay child support. See Tex. Fam. Code Ann. § 156.001 (West 1996) ("Code"). The
court ordered Melvin to pay $356.34 each month to support the parties' child Jennica. Melvin attacks the
order by a single point of error. We will affirm the trial court's order.

 In his sole point of error, Melvin contends that the trial court failed to deduct the cost of
Jennica's health insurance when it calculated his monthly net resources. (1) The trial court's determination of
child support lies within its discretion, and we will not disturb the court's order unless it has abused this
discretion. Wright v. Wright, 867 S.W.2d 807, 812 (Tex. App.--El Paso 1993, writ denied). An abuse
of discretion occurs when the court fails to correctly analyze or apply the law. Walker v. Packer, 827
S.W.2d 833, 840 (Tex. 1992). With respect to establishing child support, the Texas Family Code supplies
the law that the trial court must apply. See generally Code §§ 154.001-.309.

 The child support guidelines set out in the Family Code base child support on the obligor's
monthly net resources. See §§ 154.125, .126. To calculate this base, the Code directs courts to apply
a tax chart to the obligor's monthly gross income to derive monthly net income. § 154.061. The Code
specifies further additions to and deductions from the obligor's resources to calculate monthly net resources. 
§ 154.062. See § 154.061(b); Wright, 867 S.W.2d at 814. To arrive at monthly net resources, the court
must deduct from monthly resources expenses for health insurance for the obligor's child. § 154.062(d)(5).

 Melvin refers throughout his brief to comments the trial court made during the hearing on
Delinda's motion to modify child support. At Melvin's request, however, the trial court filed formal findings
of fact. See Tex. R. Civ. P. 296. In determining whether the court abused its discretion in setting child
support, we rely not on the court's oral comments, but on the facts the court found. In re W.E.R., 669
S.W.2d 716, 716 (Tex. 1984).

 The court found Melvin's monthly net resources to be $1,781.70. Melvin did not request,
and the trial court did not make, a finding on his payments for Jennica's health insurance. When the trial
court has made findings of fact, omitted elements of a ground of recovery may be deemed found in support
of the court's order when (1) an element of that ground is included in the findings of fact; (2) the omitted
element was not requested; and (3) the omitted element is supported by the evidence. Tex. R. Civ. P. 299;
Tarrant County Water Control & Improvement Dist. No. One v. Haupt, 854 S.W.2d 909, 913 (Tex.
1993).

 The evidence submitted to the trial court includes Melvin's pay stub for the two weeks
ending March 2, 1996. The pay stub shows Melvin's regular bi-weekly gross wages to be $1,007.20. 
This amount equates to $2,182.27 or about $2,200.00 in regular monthly gross wages. Applying the 1995
tax chart to $2,200.00, as the Family Code directs, yields $1,781.70 in monthly net income. Code §
154.061(b).

 Melvin's pay stub shows that $39.56 every two weeks, or $85.71 every month, is
deducted from his regular gross wages for dependent insurance. The pay stub also shows that Melvin
receives $39.55 every two weeks, or $85.69 every month, for "fringes." Such fringes appear in a category
separate from Melvin's regular gross wages and appear to be paid in addition to it.

 The court's finding on Melvin's monthly net resources forms an element of Delinda's ground
of recovery for $356.34 in monthly child support. Because the evidence provided by Melvin's pay stub
supports it, we deem found the omitted element regarding Melvin's health insurance payment, namely that
dependent health insurance is provided as a fringe benefit that supplements, and is not part of, Melvin's
regular gross wages, from which monthly net income is calculated. (2) The trial court would, therefore, have
added the fringe benefit to monthly net income and then deducted the dependent health insurance payment
to compute monthly net resources. See § 154.062(b)(5), (d)(5). (3) Alternatively, even if the court implicitly
found that Melvin's supplemental fringe benefit constituted a payment for other than dependent health
insurance, the court would have offset the fringe benefit and the insurance payment in the same manner. 
See id. In either case, the trial court's result is not in error. (4) Having concluded that, on these facts, the trial
court did not abuse its discretion in calculating net resources for the purpose of setting child support, we
overrule Melvin's sole point of error.

 We affirm the order of the trial court.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: March 27, 1997

Do Not Publish

1. Although Melvin states in his point of error that the trial court erroneously calculated his net
income, it is apparent from his argument and the statutes we discuss that he means net resources.
2.   We disregard as inconsequential the $0.02 per month difference between Melvin's fringe benefits
and his payment for dependent health insurance.
3. It is unclear whether the Family Code requires that the fringe benefit be added to and the child
health insurance payment deducted from gross income or net income. Here, either method yields the same
amount of monthly net resources.
4. We note that the amount in dispute on appeal, twenty percent of $85.71, amounts to only $17.14
each month.


 out in the Family Code base child support on the obligor's
monthly net resources. See §§ 154.125, .126. To calculate this base, the Code directs courts to apply
a tax chart to the obligor's monthly gross income to derive monthly net income. § 154.061. The Code
specifies further additions to and deductions from the obligor's resources to calculate monthly net resources. 
§ 154.062. See § 154.061(b); Wright, 867 S.W.2d at 814. To arrive at monthly net resources, the court
must deduct from monthly resources expenses for health insurance for the obligor's child. § 154.062(d)(5).

 Melvin refers throughout his brief to comments the trial court made during the hearing on
Delinda's motion to modify child support. At Melvin's request, however, the trial court filed formal findings
of fact. See Tex. R. Civ. P. 296. In determining whether the court abused its discretion in setting child
support, we rely not on the court's oral comments, but on the facts the court found. In re W.E.R., 669
S.W.2d 716, 716 (Tex. 1984).

 The court found Melvin's monthly net resources to be $1,781.70. Melvin did not request,
and the trial court did not make, a finding on his payments for Jennica's health insurance. When the trial
court has made findings of fact, omitted elements of a ground of recovery may be deemed found in support
of the court's order when (1) an element of that ground is included in the findings of fact; (2) the omitted
element was not requested; and (3) the omitted element is supported by the evidence. Tex. R. Civ. P. 299;
Tarrant County Water Control & Improvement Dist. No. One v. Haupt, 854 S.W.2d 909, 913 (Tex.
1993).

 The evidence submitted to the trial court includes Melvin's pay stub for the two weeks
ending March 2, 1996. The pay stub shows Melvin's regular bi-weekly gross wages to be $1,007.20. 
This amount equates to $2,182.27 or about $2,200.00 in regular monthly gross wages. Applying the 1995
tax chart to $2,200.00, as the Family Code directs, yields $1,781.70 in monthly net inc