NO. 07-02-0026-CV 



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 22, 2002


______________________________



TEXAS DEPARTMENT OF PUBLIC SAFETY
,




 Appellant


v.



HARPER L. WILMOTH, 




 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW NO. 3 OF MONTGOMERY COUNTY;



NO.01-15,823; HON. MASON MARTIN, PRESIDING


_______________________________



Before BOYD, C.J., QUINN and REAVIS, J.J.

 The Texas Department of Public Safety (DPS) appeals from a final order reversing
the decision suspending Harper L. Wilmoth's (Wilmoth) driving privileges. Wilmoth's
privileges were suspended via an administrative hearing after being arrested for driving
while intoxicated. Appeal was then taken to the local county court at law, which court
reversed the order of suspension. That court so acted upon being presented with evidence
indicating that the State 1) opted not to prosecute Wilmoth for driving while intoxicated and
2) dismissed those charges against him. Through its sole point on appeal, the DPS argues
that the county court should not have reversed the suspension simply because the State
dismissed the pending criminal proceeding for driving while intoxicated. We affirm.

 One whose license has been suspended may appeal to the county court at law for
the county in which the person was arrested. Tex. Trans. Code Ann. §524.041(b) (Vernon
1999). Furthermore, review on appeal is generally restricted to the record certified by the
State Office of Administrative Hearings. Id. at §524.043(a). 

 Here, Wilmoth appealed the decision of the administrative law judge. In his 
"Petition of Appeal from Driver's License Suspension," he asserted four grounds allegedly
justifying reversal. They were: 1) the DPS failed to comply with "the dictates of Section 724
of the Texas Transportation Code and Art. 6687b-1, and the agency's findings, inferences,
and decisions [were] in violation of the statute and rules"; 2) the agency's findings and
decision were not supported by substantial evidence; 3) the agency's findings and decision
were arbitrary and capricious and exhibited an abuse of discretion; and, 4) the evidence
was insufficient to support suspension of driving privileges. At trial, the record developed
at the administrative law hearing was tendered to and received by the county court. Then,
counsel for Wilmoth tendered to the court evidence that the pending criminal charge for
driving while intoxicated had been dismissed by the district attorney. (1) This caused the
county court to question how Wilmoth's license could remain suspended if the State was
not going to press the criminal charge. Thereafter, the county court entered its order
reversing the suspension. No reasons supporting the decision were mentioned in the
order. Nor did anyone request findings of fact and conclusions of law.

 On appeal, the DPS cites authority purportedly holding that an administrative
decision suspending driving privileges cannot be reversed simply because the State
refused to press or dismissed criminal charges for driving while intoxicated. See e.g.,
Texas Dept. Public Safety v. Stacy, 954 S.W.2d 80 (Tex. App.--San Antonio 1997, no writ). 
However, it said nothing about the other grounds urged by Wilmoth in his live pleading and
purportedly justifying reversal. Nor did it address whether the administrative record
supported the administrative law judge's decision, an issue which Wilmoth also raised. 

 When written findings of fact and conclusions of law are not requested or filed, then
the decision being reviewed must be affirmed on any legal theory finding support in the
evidence. In re W.E.R., 669 S.W.2d 716, 717 (Tex. 1984); Southwestern Newspapers
Corp. v. Curtis, 584 S.W.2d 362, 366 (Tex. Civ. App.--Amarillo 1979, no writ). Moreover,
oral pronouncements by the trial court which allegedly explain its decision cannot be
substituted for those absent findings of fact and conclusions of law. In re W.E.R., 669
S.W.2d at 716; Southwestern Newspapers Corp. v. Curtis, 584 S.W.2d at 366; accord,
Tate v. Tate, 55 S.W.3d 1, 7 n.4 (Tex. App.--El Paso 2000, no pet.) (stating that oral
pronouncements of the trial court will not be accepted as findings of fact). As noted in
W.E.R., the appellate court is not permitted to consider those oral comments. In re
W.E.R., 669 S.W.2d at 717. Finally, when a decision or judgment must be upheld on any
ground supported by the record, it is the appellant's burden to assign error to each ground
or the decision will be affirmed on the ground to which no complaint was made. Secure
Comm, Inc. v. Anderson, 31 S.W.3d 428, 430-31 (Tex. App.--Austin 2000, no pet.);
accord, In re T.M., 33 S.W.3d 341, 348 (Tex. App.--Amarillo 2000, no pet.) (holding that
the appellant waived complaint because it did not negate each potential basis supporting
the trial court's ruling).

 Here, the county court received into evidence the administrative record and made
a ruling. However, it did not enter written findings of fact and conclusions of law evincing
its reason for so ruling. Nor can its oral statements about the legality of maintaining the
license suspension after criminal charges were dismissed be considered as such findings
and conclusions. In re W.E.R., supra; Southwestern Newspapers Corp. v. Curtis, supra. 
Thus, it was incumbent upon the DPS to address each ground asserted by Wilmoth as
justifying reversal. It did not do so. Instead, it restricted its complaint on appeal to the
proposition that dismissing a criminal charge for driving while intoxicated did not warrant
reversal of the administrative decision. Consequently, it failed to carry its appellate burden
as described in Secure Comm and In re T.M. And, by failing to carry its burden, it waived
its opportunity to complain of the order. Secure Comm, Inc. v. Anderson, 31 S.W.3d at
430-31. 

 We affirm the final order of the county court.


 Brian Quinn

 Justice


Publish.

 

1. The trial court may permit the tender of additional evidence if "material" and "good reasons" exist for
the failure to present it at the administrative law hearing. Tex. Trans. Code Ann. §524.043(b) (Vernon 1999). 
Pursuant to §524.043(b), however, the additional evidence is to be tendered to the administrative law judge
"on conditions determined by the [county] court." Id. The DPS does not present an issue on appeal
concerning whether the county court at bar had the authority to itself receive evidence of the dismissal. So,
we do not address that matter.