**Opinion issued December 20, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-01006-CV

————————————

**MIRESCO INVESTMENT SERVICES, INC., Appellant**

**V.**

**YATOO ENTERPRISES (USA), INC., Appellee**

On Appeal from County Civil Court at Law No. 1
Harris County, Texas
Trial Court Case No. 971604

## MEMORANDUM OPINION

Miresco Investment Services, Inc. appeals the trial court's rendition of a judgment against it and in favor of Yatoo Enterprises (USA), Inc. following a bench trial. In one issue, Miresco Investment argues that Yatoo Enterprises could

not recover under its claim of suit on a sworn account because the contract at issue was a consignment agreement. In its brief, Yatoo Enteprises asks this Court to award sanctions against Miresco Investment for bringing a frivolous appeal.

We deny the motion for sanctions on appeal and affirm the judgment of the trial court.

## Background

Yatoo Enterprises sued Miresco Investment for a suit on a sworn account. About six months later, Yatoo Enterprises filed a motion for summary judgment on its claims "for breach of contract, sworn account, and quantum meruit." Miresco Investment responded without any objection to Yatoo Enterprises' seeking summary judgment on two claims that did not appear in its live pleading. The trial court granted summary judgment without identifying upon which claim it was granting summary judgment.

The trial court subsequently allowed Miresco Investment to amend its responses to certain requests for admissions, which had formed the basis for the trial court's grant of summary judgment. The trial court subsequently granted a new trial.

About six weeks later, the parties proceeded to a bench trial. Prior to the bench trial, Miresco Investment filed a motion for continuance in which it asserted, "This is an alleged breach of contract case." At trial, during his cross examination

2

of Yatoo Enterprises' representative, Miresco Investment's attorney asserted, "You're suing my client because you say you had a sales agreement with my client that they breached." After the parties rested, the trial court announced, "The Court finds that there was a contract. There was an agreement. The agreement was breached." Miresco Investment raised no objection to this determination.

In its subsequent motion for new trial, Miresco Investment recognized that Yatoo Enterprises had sued it with claims of "breach of contract, sworn account liability, and quantum meruit" and that the trial court "found that [Yatoo Enterprises] and [Miresco Investment] entered into a consignment agreement and not a sale of goods agreement and that there was a breach of the consignment agreement." Miresco Investment sought a new trial on the ground that there was "no evidence or, in the alternative, insufficient evidence to support [a] finding that [Miresco Investment] is responsible for the unsold consigned products." The trial court denied the motion for new trial.

### Suit on a Sworn Account

In its sole issue on appeal, Miresco Investment argues that Yatoo Enterprises could not recover under its claim of suit on a sworn account because the contract at issue was a consignment agreement. We hold this issue has been waived.

To obtain a reversal on appeal, "an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment." *Britton v.*

*Texas Dept. of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Otherwise, if an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, then we must accept the validity of that unchallenged independent ground. *Id.* In that case, any errors in the grounds challenged on appeal are harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment. *Id.*

Yatoo Enterprises indicates in its brief that the trial court rendered judgment on its breach of contract claim. We disagree that the record supports such a conclusion. The judgment itself does not identify the claim upon which judgment was rendered. Additionally, no party requested findings of fact or conclusions of law from the trial court. *See* TEX. R. CIV. P. 296 (requiring request for findings of fact and conclusions of law following a bench trial to be filed within 20 days of signing of judgment). When findings of fact and conclusions of law are not properly requested and none are filed by the trial court, "the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence." *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984). While the trial court announced at the end of trial that it determined that there was an agreement and the agreement was breached, oral pronouncements at the end of a bench trial do not constitute findings of fact and conclusions of law. *See id.* at 716.

4

There is no proper indication in the record of the claim upon which judgment was rendered. On appeal, Miresco Investment only challenges Yatoo Enterprises' ability to recover under a claim for suit on a sworn account. Accordingly, if Yatoo Enterprises tried any other claim that would fully support the judgment, we must affirm the judgment on that ground. *See Britton*, 95 S.W.3d at 681.

Yatoo Enterprises only pleaded a claim for suit on a sworn account. Nevertheless, a party may obtain a judgment on an unpleaded claim when it is tried by consent. TEX. R. CIV. P. 67. Consent may be express or implied. *Id.* "Trial by consent is intended to cover the exceptional case where it clearly appears from the record as a whole that the parties tried the [unpleaded] issue." *RE/MAX of Tex., Inc. v. Katar Corp.*, 961 S.W.2d 324, 328 (Tex. App.—Houston [1st Dist.] 1997, pet. denied). A determination of trial by consent is applied with care and never in a doubtful situation. *Id.* The inquiry is not whether there was evidence to support the claim, but whether there is evidence that the issue was tried. *See Moore v. Altra Energy Techs., Inc.*, 321 S.W.3d 727, 734 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). "A party's unpleaded issue may be deemed tried by consent when evidence on the issue is developed under circumstances indicating both parties understood the issue was in the case, and the other party failed to make an appropriate complaint." *Id.*

The record indicates that at least one claim other than the suit on a sworn account was tried by consent. Before trial, Yatoo Enterprises indicated that it intended to seek recovery on claims other than a suit on a sworn account when it moved for summary judgment on breach of contract, suit on a sworn account, and quantum meruit. Miresco Investment raised no objection or other complaint about this. Additionally, just before the bench trial, Miresco Investment filed a motion for continuance in which it acknowledged that Yatoo Enterprises was seeking to recover under breach of contract.

At trial, during his cross examination of Yatoo Enterprises' representative, Miresco Investment's attorney asserted, "You're suing my client because you say you had a sales agreement with my client that they breached." After the parties rested, the trial court announced, "The Court finds that there was a contract. There was an agreement. The agreement was breached." Miresco Investment raised no objection to this determination.

Following trial, Miresco Investment filed a motion for new trial acknowledging that Yatoo Enterprises proceeded to trial on claims of "breach of contract, sworn account liability, and quantum meruit" and that the trial court "found that [Yatoo Enterprises] and [Miresco Investment] entered into a consignment agreement and not a sale of goods agreement and that there was a breach of the consignment agreement." Nevertheless, Miresco Investment raised

6

no objection to the trial court's consideration of claims other than a suit on a sworn account.

We hold that the breach of contract claim was tried by consent.[1]

Next we must consider whether the breach of contract claim would fully support the judgment. *See Britton*, 95 S.W.3d at 681. The judgment consisted of actual damages for the money Yatoo Enterprises would have received under the contract for certain goods as well as the value of other goods less the cost of returning them. It also consisted of post-judgment interest and attorneys' fees. Each of these categories of damages is available to a breach of contract claim. *See Mead v. Johnson Group, Inc.*, 615 S.W.2d 685, 687 (Tex. 1981) (recognizing actual damages are recoverable for breach of contract claim); TEX. FIN. CODE ANN. § 304.001 (Vernon 2006) (allowing post-judgment interest for money judgment); TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (Vernon 2008) (allowing attorneys' fees for claim on a contract). Accordingly, the breach of contract claim fully supports the judgment.

Because the breach of contract claim would fully support the judgment and because Miresco Investment has not assigned any error to the breach of contract claim, we must accept the validity of the breach of contract claim and affirm the

---

[1]     Because we hold, infra, that the breach of contract claim was an independent ground that fully supports the judgment, we do not need to determine whether the record indicates that Yatoo Enterprises' claim of quantum meruit was also tried by consent.

judgment on that ground. *See Britton*, 95 S.W.3d at 681. We overrule Miresco Investment's sole issue.

## Sanctions on Appeal

Yatoo Enterprises urges this Court to impose sanctions against Miresco Investment pursuant to rule 45 of the Texas Rules of Appellate Procedure for filing a frivolous appeal. *See* TEX. R. APP. P. 45. After considering the record, briefs, or other papers filed in this Court, we may award a prevailing party damages if we objectively determine that an appeal is frivolous. *Id.*; *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). An appeal is frivolous when the record, viewed from the perspective of the advocate, does not provide reasonable grounds for the advocate to believe that the case could be reversed. *See Smith*, 51 S.W.3d at 381. The decision to grant appellate sanctions is a matter of discretion that an appellate court exercises with prudence and caution and only after careful deliberation. *Id.* Although imposing sanctions is within our discretion, we will do so only in circumstances that are truly egregious. *See id.* After considering the record and briefs, we do not believe the circumstances in this case warrant sanctions. Accordingly, we overrule Yatoo Enterprises' request for rule 45 sanctions.

**Conclusion**

We deny the motion for sanctions on appeal and affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Sharp.