ACCEPTED
06-14-00079-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
4/10/2015 3:08:26 PM
DEBBIE AUTREY
CLERK

DOCKET NO. 06-14-00079-CV

IN THE

SIXTH COURT OF APPEALS

at Texarkana

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
4/10/2015 3:08:26 PM
DEBBIE AUTREY
Clerk

———

MONDEE STRACENER

Appellant

VS

DOUG STRACENER, BERNICE STRACENER, AND JOEY STRACENER

Appellees

———

Appealed from the 115th Judicial District Court
of Upshur County, Texas

———

**APPELLEES' BRIEF**

David B. Griffith
Texas Bar No. 08479300
Griffith & Griffith Law Firm, P.C.
404 N. Titus Street
P. O. Box 864
Gilmer, Texas 75644
Telephone: (903) 843-5005
Facsimile:   (903) 843-5392

ATTORNEY FOR APPELLEES

APPELLEES REQUEST ORAL ARGUMENT

## IDENTITY OF PARTIES & COUNSEL

**Appellees:**

Doug Stracener, Bernice Stracener, and Joey Stracener

**Counsel for Appellees:**

*Trial and Appellee Counsel:*
David B. Griffith
Texas Bar No. 08479300
Griffith & Griffith Law Firm, P.C.
404 N. Titus Street
P. O. Box 864
Gilmer, Texas 75644
Telephone: (903) 843-5005
Facsimile:  (903) 843-5392
Email: davidg@griffithlawfirm.com

**Appellant:**

Mondee Stracener

**Counsel for Appellant:**

*Trial and Appellate Counsel:*
Robert M. Minton
State Bar No. 14195000
Minton & Brown, PLLC
P. O. Box 1688
Henderson, Texas 75653
Telephone: (903) 657-3543
Facsimile:  (903) 657-3545
Email: mintonbrown@suddenlinkmail.com

**Presiding Judge:**

The Honorable Richard D. Davis

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

ORDER FROM WHICH RELIEF IS SOUGHT . . . . . . . . . . . . . . . . . . . . v

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT & AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

STANDARD OF REVIEW ARGUMENT . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

APPENDIX:

1. Amended Decree Ordering Partition and Appointing Commissioners
2. Amended Report of Commissioners
3. Final Decree of Partition

# INDEX OF AUTHORITIES

Case      Page

Canal Insurance Company v. Hopkins, 238 S. W. 3d 549, 557
(Tex. Civ. App. - Tyler 2007,pet denied)    12, 15

City of Keller v. Wilson, 168 S. W. 3d 802, 819-20 (Texas 2005)    12, 15

Edwards v. Mid-Continent Office Distributors, LP,
252 S. W. 3d  833 at 836  (Tex. Civ. App. - Dallas 2008, pet denied)    11

Pharro v. Chambers Co.,  922  S. W. 2d 945 at 948 (Texas 1996)    12

In Re: W.E.R. 669 S. W. 2d 716, 717 (Texas 1984)    12

## STATEMENT OF THE CASE

This is an appeal from the Final Decree of Partition (CR-80) rendered in Cause No. 135-06, styled Mondee Stracener v. Doug Stracener, Bernice Stracener, and Joey Stracener in the 115th Judicial District Court of Upshur County, Texas. The suit partitioned a tract of 54.883 acres of land, which partition was disproportionately owned by the parties. Separate tracts of land were set aside specifically to Joey Stracener, and that part of the order is not challenged.

A Report of Commissioners was filed, and upon consideration of Plaintiff's objections, the Court required the Report of Commissioners to be amended to place values on the whole and the individual shares partitioned as well as the value of certain improvements.

The Court thereafter entered its Final Decree of Partition approving the Amended Report of Commissioners (CR-65) and attached a copy of such Amended Report to the Final Decree entered on July 11, 2014, and filed July 15, 2014.

## ORDER FROM WHICH RELIEF IS SOUGHT

Appellant appeals the Final Decree of Partition (CR-80) signed July 11, 2014, and filed of record on July 15, 2014, approving the Amended Report of Commissioners (CR-65).

## ISSUES PRESENTED FOR REVIEW

1.    Appellant complains that the Court erred in advising the Special Commissioners to consider the value of a house which was specifically set aside to Mondee Stracener. Appellees believe the Court properly rendered its order based on the proof and stipulations by the parties in earlier proceedings.

2.    Appellant further complains that the Court erred in failing to instruct the Commissioners to exclude the value of the house from consideration in amending the Report of Commissioners. Appellees believe that the Court's order was proper in that the property was set aside to Mondee Stracener by agreement but was part of the division of the entire property.

3.    The Appellant complains that the Court erred in its Final Decree of Partition in approving the partition. Appellees believe that the overall partition was fair and equitable and resulted in a partition complying with the requirement that the property be equitably partitioned according to value between the parties.

DOCKET NO. 06-14-00079-CV

IN THE

SIXTH COURT OF APPEALS

at Texarkana

_____

MONDEE STRACENER

Appellant

VS

DOUG STRACENER, BERNICE STRACENER, AND JOEY STRACENER

Appellees

_____

Appealed from the 115th Judicial District Court
of Upshur County, Texas

_____

APPELLEES' BRIEF

_____

**TO THE HONORABLE COURT OF APPEALS:**

Comes now, Doug Stracener, Bernice Stracener and Joey Stracener,

Appellees and Defendants in the Trial Court below, and make and file this

Appellees' Brief in response to Appellant's Brief.

Appellant's Brief requests an improper modification and reversal of the

Trial Court's partition judgment, in that the Appellant is requesting the Court

1

of Appeals to substitute its judgment for that of the trier of fact. Appellees request that this Appellate Court deny Appellant's requested relief because such relief is not proper based upon a fair and equitable partition of the property nor is it proper under the law.

## STATEMENT OF THE FACTS

This is a suit to partition a tract of land fronting Highway 271 in Upshur County, Texas. Mondee Stracener filed suit February 21, 2006, seeking to partition land between himself, Doug Stracener, Bernice Stracener and Joey Stracener. At trial, which was held May 17, 2010, the parties reached several agreements which were approved by the trial court as set out in the Amended Decree Ordering Partition and Appointing Commissioners dated July 26, 2010, and the Findings of Fact and Conclusions of Law submitted to the Appellate Court, as follows, to wit:

"1.    The parties stipulated and agreed and the Court finds that Mondee Stracener, Douglas Stracener and Bernice L. Stracener are the sole owners of the parcels of land described as: [Extensive property description redacted].

"2.    The parties stipulated and agreed and the Court finds that Mondee Stracener, Douglas Stracener and Bernice L. Stracener each

2

own an undivided interest in the above described property in fee simple, which is not subject to any mortgages, liens, or other encumbrances, as follows:

    A.    Mondee Stracener - 68.75%

    B.    Douglas Stracener -15.625%

    C.    Bernice Stracener - 15.625%.

"3.    The parties stipulated and agreed and the Court finds that the single-family dwelling and 1 acre is to be Mondee Stracener's sole property in his own right and that upon partition of the property he is entitled to have set aside as part of his 68.75% interest that portion of the property upon which the home is situated.

"4.    The parties stipulated and agreed and the Court finds that Joey Stracener owns a 100% undivided interest in the following parcel of land and fee simple, which is not subject to any mortgages, liens, or other encumbrances, and further, the parties convey the below described property and waive any interest in same:

> All that certain one (1) acre of land lying in the Wm. King HR survey, Abs. No. 265, Upshur County, Texas and being out of the SE part of the original 70-acre tract owned by Mrs. G. I. Stracener, and better described in Warranty Deed dated September 6, 1990 between Grantor: Douglas Stracener and wife, Mary Ann Stracener and Grantee: Joey Keith Stracener, a

3

single man recorded in the Deed of Records of Upshur County Vol. 67 Pg. 931.

"5.    The parties stipulated and agreed and the Court finds that the minerals in the land at issue in this case described in paragraphs one (1) and three (3) above, remain undivided at this time.

"6.    The parties stipulated and agreed and the Court finds that Mondee Stracener owns 20 acres of land adjacent to the southwest corner of the property being partitioned that can be accessed by the runway on the property being partitioned.

"7.    The parties stipulated and agreed and the Court finds that the whole of the above described property is susceptible to fair and equitable partitioning in kind between the parties so as to reflect their respective interest and equities, and the land will not be partitioned by lot."

The parties did not reach agreement on other issues, including but not limited to, the runway issue which was the subject of a prior appeal. The parties presented such disputed issues to the Trial Court at a hearing in the form of testimony and evidence. The trial court made findings of fact and conclusions of law regarding the disputed issues presented at hearing, as set out in the Amended Decree Ordering Partition and Appointing Commissioners

4

dated July 26, 2010, and the Findings of Fact and Conclusions of Law submitted to the appellate court, were as follows, to wit:

"1.    The foregoing property should be partitioned between the above named parties such that the value of the parcels allotted to each party reflects that party's interest as recited above, and that the above described single family dwelling and one (1) acre on which the dwelling rests is awarded to Mondee Stracener, Plaintiff, and that, in addition, his share of the real property is set aside to include such improvements.

"2.    Any contributions claims for taxes, utilities, expenses and maintenance for the single family dwelling and adjoining one (1) acre tract and remaining property at issue (not including the runway) are denied.

"3.    Mondee Stracener is entitled to $19,937.50 from the insurance proceeds as a result of the house located on the property at issue in this case.

"4.    Bernice L. Stracener and Doug Stracener are entitled to the remaining funds in the Ida May Stracener estate bank account at Gilmer First National Bank, account number 160025306, after payment of $19,937.50 to Mondee Stracener.

5

"5. Bernice L. Stracener and Doug Stracener are entitled to the remaining assets listed in the Inventory, Appraisement and List of Claims dated March 19, 2004.

"6. Mondee Stracener is not entitled to have the runway located on the property to be partitioned declared his sole property in his own right as part of his 68.75% interest in that portion of the property, unless such award is made as part of subsequent partition proceedings.

"7. Mondee Stracener is not entitled to a unity of use with the twenty (20) acres he owns adjacent to the property at issue in this case, unless such award is made as part of subsequent partition proceedings.

"8. Mondee Stracener is not entitled to $25,000.00 as the value of the runway improvement and that such will not be considered by the commissioners as a portion of the value of the above described property."

Thereafter, that order by the Trial Court was appealed to the Twelfth Court of Appeals in Tyler in Cause No. 12-10-00270-CV, styled Mondee Stracener v. Doug Stracener, Bernice L. Stracener and Joey Keith Stracener. That Court affirmed the Trial Court's Order on the 9th day of November, 2011, and remanded the case for further proceedings.

6

Thereafter, the Trial Court proceeded to appoint three special commissioners, appointed by Amended Decree Ordering Partition and Appointing Commissioners (CR-17) who filed a Commissioners' Report (CR-25) on August 9, 2013, partitioning the 54.883 acres into three separate portions, and which report was deficient in that it failed to assess the value to the whole of the land.

Objections to the Report were filed, and a hearing was set.

The Court ordered the Special Commissioners to amend their Report of Commissioners to place value on the whole and values of each share partitioned to each party and to establish a value for the house and runway as improvements (Reporter's Record -119).

On October 25, 2013, the Amended Report of Commissioners (CR-65) was filed of record. On January 11, 2014, the Court entered the Final Decree of Partition, same being filed on July 15, 2014, in the 115th Judicial District Court (CR-80).

## ARGUMENT AND AUTHORITIES

Appellees agree that the issues presented for review are intertwined and will respond to the argument and authority section as stated by the Appellant.

7

A.    The Court properly advised the Special Commissioners to consider the value of the house, in conformity with the Decree Ordering Partition and Appointing Commissioners.

B.    The Court properly instructed the commissioners to include the value of the home in amending the report because of the prior order of the court and the stipulation of the parties.

C.    The Commissioners properly followed the Court's instructions in the Decree Ordering Partition and Appointing Special Commissioners, and the Court was proper in entering its Final Decree of Partition based upon the Report of Commissioners.

This case has had a long and tortuous road in arriving at the point where we find ourselves today. The original case was heard by Judge Richard Davis; and on the 21st day of June, 2010, Judge Davis entered a Decree Ordering Partition and Appointing Commissioners. Thereafter, Judge Davis entered an order on the 19th day of July, 2010, which was an Amended Decree Ordering Partition and Appointing Commissioners.

In the Amended Decree (Clerk's Record, Page 17 in paragraph 2), the Court stated, "that the following parties each own an undivided interest in the

8

above-described property in fee simple" and thereafter set out the percentage amounts.

It is undisputed that the home and one acre set aside to Mondee Stracener were included in the 68.75% awarded to Mondee Stracener.

Thereafter, on page 4, paragraph 7, of the Amended Decree (Clerk's Record, page 20) the Court states, "That the single family dwelling and 1 acre is ORDERED Mondee Stracener's sole property in his own right, and that upon partition of the property he is entitled to have set aside as part of his 68.75% interest that portion of the property upon which the home is situated."

The Court goes on to state (Clerk's Record, page 20), "IT IS, THEREFORE, ORDERED that the foregoing property is partitioned between the above-named parties such that the value of the parcels allotted to each party reflects that party's interest as recited above, and that the above-described single family dwelling and 1 acre on which the house rests is awarded to Mondee Stracener, Plaintiff, and that in addition his share of the real property is set aside to include such improvements."

Appellant wants to take the position that the home as set aside to Mondee Stracener was to be set aside as his sole and separate property,

9

separate and apart from the partition. Appellees contend the house was never intended to be excluded from the partition of the property as a whole. The position of the Appellant is contrary to the stipulation and the intent of the parties as found by the Trial Court. It is obvious that the parties intended to divide monies and award Mondee Stracener specific property. However, to assume this would include a gift of the house to Mondee Stracener is ridiculous. Appellant in his argument states that the single family dwelling was not to be considered, but this argument conflicts with the above-stated paragraph wherein the Court expressly orders that the "foregoing property is partitioned between the above- named parties." The Court does not segregate the separate tracts to be partitioned from the single family dwelling and 1 acre but merely awards the ownership of that single family dwelling and 1 acre to Mondee Stracener as a part of the 68.75% interest that he owns, pursuant to the stipulation.

The partition of the property was a part and parcel of a settlement of all of the interests in the Estate of Ida Mae Stracener, and the original partition included a division of monies between the parties to equalize the Estate.

As set out in the stipulation at the hearing held on May 17, 2010, (Respondent's Exhibit 4 located at the end of Volume 3 Reporter's Record of

the hearing held November 18, 2013), the stipulation was that "Mondee Stracener will take title in fee simple absolute to the house and that, **out of the percentage of property that Mr. Stracener owns, he will allocated [sic] one acre which will go along with the house. That out of the acreage, Mondee Stracener will be allocated sixty-eight-point-seventy-five percent which includes the house and one acre."**

The language "out of the percentage of property that Mr. Stracener owns" was not objected to or clarified and sets out that Mondee Stracener's percentage would include the 1 acre and house (and the value).

The May 17, 2010 hearing thereafter proceeded with the Court hearing evidence as to setting aside specific property, such as the runway in dispute, to Mondee Stracener which was denied by the Court (Amended Decree Ordering Partition and Approving Commissioner's Report, Clerk's Record, pages 17-21).

## STANDARD OF REVIEW ARGUMENT

A trial court exercises broad discretion in balancing the equities in a case seeking equitable relief. Edwards v. Mid-Continent Office Distributors, LP, 252 S. W. 3d 833 at 836 (Tex. Civ. App. - Dallas 2008, pet denied).

In a non-jury trial, when a court makes no separate findings of fact or conclusions of law, the appellate court must assume that the trial court made all findings in support of its judgment. Pharro v. Chambers Co., 922 S. W. 2d 945 at 948 (Texas 1996). The trial court's judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. In Re: W.E.R. 669 S. W. 2d 716, 717 (Texas 1984).

The trial court as the finder of fact is the sole judge of the credibility of the witnesses and the weight to be assigned to their testimony. Canal Insurance Company v. Hopkins, 238 S. W. 3d 549, 557 (Tex. Civ. App. - Tyler 2007,pet denied). A reviewing court may not impose its own opinion for that of the finder of fact, and a reviewing court must assume that the finder of fact decided all credibility issues in favor of the findings if a reasonable person could do so. The appellate court must assume that the finder of fact chose what testimony to believe or disregard based upon the evidence that the finder of fact heard, were reasonable. City of Keller v. Wilson, 168 S. W. 3d 802, 819-20 (Texas 2005). Therefore, an appellate court must assume that the finder of fact made all inferences in favor of the findings if a reasonable person could do so. Canal Insurance Company v. Hopkins, 238 S. W. 3d 549 at 557 (Tex. Civ. App. - Tyler 2007,pet denied).

12

In the instant case, the Court heard all of the evidence and thereafter rendered an original order determining the interests of the joint owners and claimants, and appointed the commissioners giving them appropriate directions.

Judge Davis specifically addressed the issue that Appellant complains about. In the hearing on Motion Objecting to Commissioners Report held November 18, 2013, the Court, at pages 117-118 of the hearing transcript (RR - 117-118), received evidence concerning the previous agreements of the parties concerning the home (Exhibit 4 of transcript of previous hearing).

Thereafter, on page 119 of the hearing transcript on Motion Objecting to Commissioners Report (RR - 119), the Court directed the Commissioners to prepare an amended report reflecting the values as required by statute.

On page 119, at line 21 of the Reporters Record of the November 18, 2013 hearing (RR - 19), counsel for Appellees asked specifically whether "we are to consider the value of the house and will consider the partition?" The Court responded, "Correct," and thereafter, on page 120 (RR - 120), continued to discuss the value of the runway and house and whether or not their values affect the value of the land and directed that the value of the house and runway "are to be taken into consideration if it's appropriate" (RR -

13

120). This specific statement negates Mondee Stracener's position that the house was awarded to him free and clear of the balance of the partition.

Therefore, the Trial Court, which had heard this case from the beginning, specifically ordered that the value of the house be considered in the overall partition by the Commissioners, which the Commissioners did. Once the Commissioners returned their Amended Report, the Court acted upon Defendants' Motion to Enter Judgment.

In the hearing held on Defendant's Motion to Enter Judgment on the 18th day of June, 2014, page 16, beginning line on 17 of the Record (RR 06/18/2014 - page 16), the Court found that "that stipulation does not reflect that the value of the house would not be considered. Therefore, the Court finds that the value of the house is to be considered by the Commissioners in making their division. Therefore, it is the order of the Court that the amended partition order is approved by the Court." This once again confirms the Court's finding and determination based upon the evidence he heard.

It is clear that the Trial Court carefully heard and considered all of the evidence in making its final decision. It is obvious that the Court determined the questions of fact in favor of the judgment rendered and thereafter entered an order properly based upon the Commissioners' findings. This Court should

14

not be asked to and should not substitute its judgment for that of the Trial Court Ibid. (City of Keller and Canal Insurance Company).

## CONCLUSION

Because the Court entered a specific order partitioning the property in question and awarded a specific percentage to the parties, the commissioners had a specific task to perform according to the law. The subsequent Decree was confirmed by the Tyler Court of Appeals, and thereafter the Court considered the report of the Commissioners as amended. It is obvious that the Court based its Final Decree of Partition upon the evidence and arguments heard, and resolved all questions of fact and law in favor of the judgment. Therefore, the judgment should be affirmed by this Court which should not attempt to substitute its judgment for those found by the trier of fact.

## PRAYER

**WHEREFORE PREMISES CONSIDERED,** Appellees respectfully move the Court to affirm the trial court's final decree of partition dated July 11, 2014, and filed July 15, 2014, in all ways, and overrule Appellant's appeal and adjudge all costs against Appellant and for such other and further relief to which Appellees may show themselves justly entitled.

Respectfully submitted:

GRIFFITH & GRIFFITH LAW FIRM, P.C.
404 North Titus
P.O. Box 864
Gilmer, Texas 75644-0864
Tel: (903) 843-5005
Fax: (903) 843-5392
E-Mail: davidg@griffithlawfirm.com

BY: **/s/ David B. Griffith**
David B. Griffith
State Bar No. 08479300
Attorney for Appellees

## CERTIFICATE OF COMPLIANCE

I certify that this document was prepared with WordPerfect X5. The body text is in 14 point font, and the footnote text is in 12 point font. Relying on the word count function in the word processing software used to produce this document, I certify that the number of words in this reply (excluding any caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix) is 3,180.

**/s/ David B. Griffith**
**David B. Griffith**

16

## CERTIFICATE OF SERVICE

I certify that on April 10, 2015, a true and correct copy of Appellee's Brief was served on Mondee Stracener's attorney of record, Robert M. Minton, electronically at mintonbrown@suddenlinkmail.com and the electronic transmission was reported as complete.

/s/ David B. Griffith
**David B. Griffith**
**Email: davidg@griffithlawfirm.com**

17