

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00797-CV

**EWING CONSTRUCTION CO., INC.**,
Appellant

v.

**BENAVIDES INDEPENDENT SCHOOL DISTRICT**,
Appellee

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. DC-18-122
Honorable Baldemar Garza, Judge Presiding

Opinion by: Beth Watkins, Justice

Sitting: Sandee Bryan Marion, Chief Justice
Patricia O. Alvarez, Justice
Beth Watkins, Justice

Delivered and Filed: March 18, 2020

AFFIRMED

Appellant Ewing Construction Co., Inc. ("Ewing") files this interlocutory appeal from the trial court's order denying its motion to compel arbitration of appellee's negligence and breach of contract claims. We affirm the trial court's order.

### Background

On February 26, 2007, Ewing and appellee Benavides Independent School District ("the School District") entered into a "Standard Form Agreement" in which the parties agreed Ewing would be the general contractor for a project to construct a new elementary school in Benavides.

The Standard Form Agreement expressly incorporates several documents, including the "General Conditions," and provides these documents "form the Contract, and are as fully a part of the Contract as if attached to this Agreement or repeated herein."

The General Conditions contain a broad arbitration clause providing, in relevant part: "Any Claim arising out of or related to the Contract," with certain exceptions not at issue here, "shall . . . be subject to arbitration." "Claim" is defined in the General Conditions as "a demand or assertion by one of the parties seeking, as a matter of right, adjustment or interpretation of Contract terms, payment of money, extension of time or other relief with respect to the terms of the Contract," as well as "other disputes and matters in question between [the School District] and [Ewing] arising out of or relating to the Contract."

The Standard Form Agreement does not reference arbitration except in Article 6, entitled "Termination or Suspension." Section 6.1 provides: "The Contract may be terminated by [the School District] or [Ewing] as provided in Article 14 of [the General Conditions]. Save and except that the arbitration clause is deleted." Notably, the "save and except" clause is indented and typed in a distinct font.

The School District sued Ewing for negligence and breach of contract, alleging Ewing's negligent work and supervision of subcontractors resulted in substantial problems with the elementary school's foundation and HVAC system, among other things. Relying on the arbitration provision in the General Conditions, Ewing filed a motion to compel arbitration and stay proceedings in the trial court. After holding a hearing, the trial court denied Ewing's motion to compel arbitration. At the hearing on the motion to reconsider, Ewing asked the trial court to vacate the order denying the motion to compel arbitration. The record does not reflect the trial court ruled on Ewing's motion to reconsider. Ewing filed this interlocutory appeal.

**Standard of Review**

We review a trial court's order denying a motion to compel arbitration for abuse of discretion. *Amateur Athletic Union of the U.S., Inc. v. Bray*, 499 S.W.3d 96, 102 (Tex. App.—San Antonio 2016, no pet.) (citing *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009)). Although we defer to the trial court's factual determinations supported by the record, we review de novo the trial court's legal determinations. *Id.* Whether a valid and enforceable arbitration agreement exists is a question of law we review de novo. *Id.* Where, as here, the trial court does not make specific findings of fact or conclusions of law in support of its ruling, we will uphold the ruling if it is supported by any legal theory asserted in the trial court. *Id.* (citing *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984) (per curiam)).

**Discussion**

The dispute in this case is whether a valid and enforceable arbitration agreement exists. In its sole issue on appeal, Ewing argues that because the broad arbitration provision in the General Conditions encompasses the School District's claims, the trial court abused its discretion by denying the motion to compel arbitration. In response, the School District argues the provision in the Standard Form Agreement stating "the arbitration clause is deleted" nullifies the arbitration provision in the General Conditions. Ewing, however, contends "the arbitration clause is deleted" language only applies in the context of termination or suspension of the contract and, therefore, does not apply to this dispute.

**Applicable law**

As an initial matter, the parties appear to dispute whether arbitrability in this case is governed by the Federal Arbitration Act ("FAA") or the Texas Arbitration Act ("TAA"). The contract documents do not reference either statute. Rather, the General Conditions state: "The Contract shall be governed by the law of the place where the Project is located," which, in this

case, is Benavides, Texas. The supreme court has interpreted identical contractual language as invoking both the FAA and the TAA to the extent they are not inconsistent. *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 778–79 (Tex. 2006).

The party moving to compel arbitration bears the initial burden to establish a valid, enforceable arbitration agreement exists. *Garcia v. Huerta*, 340 S.W.3d 864, 869 (Tex. App.—San Antonio 2011, pet. denied) (citing *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 607 (Tex. 2005) (per curiam)). Under both the FAA and the TAA, we apply ordinary state contract law principles to determine whether the moving party has met this burden. *Id.* (citing *D. Wilson Constr. Co.*, 196 S.W.3d at 781). In construing an unambiguous contract as a matter of law, our primary concern is to ascertain the parties' true intentions as they are expressed in the instrument itself. *Springer Ranch, Ltd. v. Jones*, 421 S.W.3d 273, 279 (Tex. App.—San Antonio 2013, no pet.) (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005)). We examine and consider the entire contract to harmonize and give effect to all its provisions so that none will be rendered meaningless. *Id.* Once the existence of an arbitration agreement is established, a presumption in favor of arbitration arises and the burden shifts to the party resisting arbitration to establish a defense to enforcement. *Garcia*, 340 S.W.3d at 869.

**Analysis**

The provision at issue here is section 6.1 of the Standard Form Agreement, which provides: "The Contract may be terminated by [the School District] or [Ewing] as provided in Article 14 of [the General Conditions]. Save and except that the arbitration clause is deleted." Although the "save and except" clause's placement immediately following reference to "Article 14 of [the General Conditions]" might suggest it refers to an arbitration provision in that article, there is no such provision. Rather, the parties agree there is only one "arbitration clause" in the contract documents—the arbitration provision contained in section 4.6 of the General Conditions.

- 4 -

Therefore, Standard Form Agreement section 6.1's reference to "the arbitration clause" can only be read as referring to that provision.

Further, although the "save and except" clause is located in Standard Form Agreement Article 6, which addresses "Termination or Suspension" of the contract, the arbitration provision it "delete[s]" from the parties' agreement is not limited to termination and suspension only. The arbitration provision in section 4.6 of the General Conditions is broadly worded to encompass all disputes "arising out of or relating to the Contract." If the parties had intended to delete the arbitration clause only with regard to claims for termination or suspension of the contract, they could have used language making that limitation clear. Instead, they elected to "delete" the provision altogether, indicating their intent not to be bound by it in any dispute arising out of or relating to the contract, regardless of whether that dispute arose from termination or suspension of the contract. Indeed, because Article 6 is the only section of the Standard Form Agreement addressing potential disputes between the School District and Ewing, it is unsurprising that the parties would choose this section to express their intent to delete the arbitration provision contained in the General Conditions and instead agree to resolve any claims between them in court.

Therefore, after examining and considering the entire contract to harmonize and give effect to all its provisions, we conclude the contract unambiguously expresses the parties' intent to delete and not be bound by the arbitration provision contained in section 4.6 of the General Conditions. *See Springer Ranch, Ltd.*, 421 S.W.3d at 279. Because Ewing, as the party moving to compel arbitration, failed to meet its initial burden to establish the existence of a valid, enforceable arbitration agreement, we hold the trial court did not abuse its discretion in denying the motion to compel arbitration. *See Garcia*, 340 S.W.3d at 869. Ewing's sole issue on appeal is overruled.

## Conclusion

Having overruled Ewing's sole issue on appeal, the trial court's interlocutory order is affirmed.

Beth Watkins, Justice