**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00404-CV**
_____

**HEATHER A. GREENLEE, Appellant**

**V.**

**JESSE D. BOBBITT, Appellee**

On Appeal from the County Court at Law
Liberty County, Texas
Trial Cause No. 23C C-CV-00 140

**MEMORANDUM OPINION**

Jesse D. Bobbitt obtained a judgment for possession against Heather A. Greenlee in a suit for eviction tried in the County Court at Law of Liberty County, Texas. *See* Tex. Prop. Code Ann. § 24.002. In her appeal, Greenlee contends that she was entitled to but did not receive a thirty-day notice of non-renewal required by section 91.001 of the Texas Property Code. *See id.* § 91.001(a). We understand her issue as a challenge to the legal sufficiency of the evidence to support the judgment for possession. We affirm the trial court's judgment.

1

## Standard of Review

In a civil nonjury case, a complaint regarding the legal insufficiency of the evidence may be raised for the first time on appeal. *See* Tex. R. App. P. 33.1(d). The record contains neither written findings of fact and conclusions of law nor shows any party requested them. Following a bench trial, when the trial court does not issue separate findings of fact and conclusions of law, all facts necessary to support its judgment are implied. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *Ramin' Corp. v. Wills*, No. 09-14-00168-CV, 2015 WL 6121602, at *4 (Tex. App.—Beaumont Oct. 15, 2015, no pet.) (mem. op.). We must affirm the judgment if it can be upheld on any legal theory the evidence supports. *See In re W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984); *Ramin' Corp.*, 2015 WL 6121602, at *4. When the appellate record includes the reporter's and clerk's records, implied findings are not conclusive and may be challenged based on legal sufficiency. *BMC Software Belg.*, 83 S.W.3d at 795; *Ramin' Corp.*, 2015 WL 6121602, at *4. We review the trial court's decision for legal sufficiency of the evidence by the same standards applied in reviewing the evidence supporting a jury's finding. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). We review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We

credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *Id*. at 827.

When a party attacks the legal sufficiency of an adverse finding on which she did not have the burden of proof, she must demonstrate on appeal that no evidence supports the adverse finding. *Graham Cent. Station, Inc. v. Peña*, 442 S.W.3d 261, 263 (Tex. 2014) (per curiam). In a bench trial, the trial court, as factfinder, is the sole judge of the witnesses' credibility and weight of the evidence and is tasked with resolving conflicts in the evidence and drawing reasonable inferences from basic facts to ultimate facts. *See City of Keller*, 168 S.W.3d at 819–21; *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 625 (Tex. 2004) (citation omitted); *see also Morrell v. Morrell*, No. 09-20-00086-CV, 2022 WL 959943, at *12 (Tex. App.—Beaumont Mar. 31, 2022, pet. denied) (mem. op.). The factfinder may choose to believe one witness over another, and we do not substitute our judgment for the factfinder's. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003) (discussing in context of a jury trial); *see also Morrell*, 2022 WL 959943, at *12.

**Trial Testimony**

In the December 2023 bench trial before the County Court at Law, Bobbitt testified that he let Greenlee move in with him into his fifth wheel travel trailer in February. At the time, the travel trailer was located on real property owned by

Bobbitt's brother. Bobbitt stated, "[Greenlee] doesn't pay rent. We don't have any kind of agreements." She did not have her own bedroom.

Greenlee stated they were dating and Bobbitt invited her to move in with him. Greenlee agreed they did not have a written lease, but she testified "the agreement was I would help cook and clean, definitely take care of my dogs and then I pay $200 in cash a month for rent once I get a job." She stated that she started paying rent after she obtained employment in May and received her first paycheck. Greenlee stated, "I just want a 30-day notice[.]" Greenlee testified that everything was fine until she came home on October 20 and Bobbitt had moved all her things out and locked her out without any notice.

Bobbitt denied that Greenlee paid him $200 in May, June, July, August, or September. Bobbitt stated, "I've never asked her for rent or anything, except to leave." His three-day notice to vacate is dated October 20, 2023. Bobbitt stated that he moved out in October because Greenlee started calling in police reports daily. As a result, Bobbitt's brother instructed him to remove the trailer from the property.

**Analysis**

The parties agreed that Bobbitt allowed Greenlee to move in with him, but the terms under which she remained there were disputed by the parties. Bobbitt denied they had an agreement that gave Greenlee a right to live in the fifth-wheel trailer in exchange for payment of rent. He disputed that Greenlee ever paid him any money.

4

Greenlee disputed that she was merely a guest in his home. She claimed they had an oral agreement and in accordance with that agreement she paid Bobbitt $200 each month beginning in May or June.

As the sole judge of the credibility of the witnesses, the trial court could accept or reject all or any part of their testimony. The trial court could accept Bobbitt's claim that he did not have a month-to-month tenancy agreement with Greenlee, or it could believe Greenlee's testimony that she had an agreement to pay monthly rent to Bobbitt and also believe Bobbitt's testimony that Greenlee never paid any rent to him. The subsection of section 91.004 that requires a notice of termination of a monthly tenancy or a tenancy from month-to-month does not apply if there is a breach of contract recognized by law. *See* Tex. Prop. Code Ann. § 91.001(e)(2). The evidence supports a finding that Bobbitt had a superior right to immediate possession of the property and Greenlee did not. Accordingly, legally sufficient evidence supports the judgment awarding possession of the property to Bobbitt.

We overrule Greenlee's issue and affirm the trial court's judgment.

AFFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on August 25, 2025
Opinion Delivered August 28, 2025

Before Golemon, C.J., Johnson and Wright, JJ.